UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAMADOU LAMINE NDIAYE,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondent. | Case No. 2:26-cv-02145-TMC<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

On June 8, 2026, Petitioner Mamadou Lamine Ndiaye filed his petition for writ of habeas corpus and a motion for a temporary restraining order ("TRO"). Dkts. 1, 3. The case was assigned to the undersigned district judge on June 18, 2026. *See* Dkt. 2.

In his petition, Mr. Ndiaye alleges that he has been detained by Respondents at the Northwest ICE Processing Center ("NWIPC") since June 11, 2025. Dkt. 1 at 2. He also alleges that he was ordered removed by an Immigration Judge ("IJ") on September 22, 2025, but that his appeal of the IJ's decision is currently before the Board of Immigration Appeals ("BIA"). *Id*.

In his TRO, Mr. Ndiaye asks the Court to enjoin Respondents "from transferring him out of this district during the pendency of this habeas action" and "from re-detaining Petitioner

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 1

without affording him adequate procedures guaranteed by the United States Constitution." Dkt. 3 at 1.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7.

Mr. Ndiaye fails to show a likelihood of irreparable harm in the absence of preliminary relief. The Court has scheduled briefing on the merits of his habeas petition and noted the petition for consideration on July 20, 2026—less than a month from today. Dkt. 9. The Court will address the petition promptly once the briefing is complete. Mr. Ndiaye provides no facts— such as any statements by NWIPC officials—indicating that his transfer out of this district is likely. Consistent with this Court's scheduling order, Respondents must provide Mr. Ndiaye "at least 7 days (168 hours) notice prior to any action to move or transfer him from the Western District of Washington or to remove him from the United States." Dkt. 9 at 2. This notice allows Petitioner to seek emergency relief if needed. No additional restrictions are warranted now.

Because Mr. Ndiaye has not met the standard for a TRO, the Court DENIES his motion. Dkt. 3.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Dated this 23rd day of June, 2026.

Tiffany M. Cartwright
United States District Judge