UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAMADOU LAMINE NDIAYE,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-02145-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Mamadou Lamine Ndiaye is a Senegalese citizen who entered the United States without inspection in August 2023. Dkt. 14 ¶¶ 3–4. Shortly after his arrival, United States Border Patrol agents apprehended him and initiated expedited removal procedures. *Id.* ¶ 4; Dkt. 13-1; *see* 8 U.S.C. § 1225(b)(1). On September 22, 2023, an asylum officer determined that Petitioner had a credible fear of persecution or torture in Senegal. Dkt. 6 at 16; Dkt. 14 ¶ 7. Six days later, Petitioner was released from federal custody on parole. Dkt. 14 ¶ 9. His parole authorization notice, dated September 26, 2023, indicated that his parole would remain "valid for one year beginning from the date on this notice" unless extended by Immigration and Customs Enforcement ("ICE"). Dkt. 13-3 at 2. Petitioner did not receive an extension, and his parole expired on September 25, 2024. Dkt. 14 ¶ 9.

On November 19, 2024, Seattle police arrested Petitioner for first-degree assault. *Id.* ¶ 10; *see* RCW 9A.36.011. Petitioner was released on bond. Dkt. 14 ¶ 10. On June 11, 2025, Petitioner appeared at the Seattle ICE Enforcement and Removal Operations Field Office for a required reporting date. *Id.* ¶ 11; Dkt. 13-4 at 3. During this appointment, ICE officers learned of Petitioner's arrest by Seattle police, and they took him into ICE custody. Dkt. 13-4 at 3; Dkt. 13-5; Dkt. 14 ¶ 11. On September 22, 2025, an Immigration Judge ordered Petitioner removed to Senegal. Dkt. 13-6 at 4–5. On October 10, 2025, Petitioner appealed the removal order to the Board of Immigration Appeals; that appeal remains pending. Dkt. 13-7; Dkt. 14 ¶ 13. On December 2, 2025, Petitioner's assault charge was dismissed. Dkt. 6 at 23. Petitioner is currently detained at the Northwest ICE Processing Center. Dkt. 6 at 3; Dkt. 12 at 1.

On June 8, 2026, Petitioner filed a proposed petition for writ of habeas corpus, a motion for a temporary restraining order ("TRO"), and an application to proceed *in forma pauperis* ("IFP"). Dkts. 1, 3, 4. The Court granted IFP on June 22 and denied the TRO on June 23. Dkts. 5, 10. After the Court granted IFP, the Clerk's office docketed the habeas petition. Dkt. 6. On July 6, Federal Respondents filed a return to the habeas petition. Dkt. 12. On July 20, Petitioner filed a traverse. Dkt. 15.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court DENIES the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner argues that Respondents violated his due process rights by failing to follow proper procedures before re-detaining him in June 2025. Dkt. 6 at 5–9; Dkt. 15 at 6–11. He also contends that he is subject to detention under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. Dkt. 15 at 1–6. Federal Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) and has received constitutionally adequate procedures throughout the course of his removal proceedings. Dkt. 12 at 5–10.

Parole is a "legal fiction" allowing a noncitizen "to be physically present in the United States for a specific purpose." *Barney v. Rogers*, 83 F.3d 318, 320 n.1 (9th Cir. 1996). Once a noncitizen's parole has been revoked or terminated, the noncitizen "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Here, Petitioner was initially detained under the expedited removal statute, 8 U.S.C. § 1225(b)(1). *See* Dkt. 13-1. Following a credible fear determination, he was granted parole, which automatically terminated in September 2024. Dkt. 13-3; Dkt. 14 ¶ 9. Nearly nine months later, ICE re-detained him after learning of his arrest by Seattle police. Dkt. 13-4 at 3. At that time, ICE was authorized to return Petitioner "to the custody from which he was paroled"—mandatory detention under § 1225(b)(1). Petitioner has not shown that Federal Respondents violated his due process rights when carrying out his re-detention under the INA, following the changed circumstances of his parole termination and subsequent arrest. Based on the arguments raised in the habeas petition, Petitioner is not entitled to relief at this time.

## IV. CONCLUSION

The petition for writ of habeas corpus (Dkt. 6) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of August, 2026.

Tiffany M. Cartwright
United States District Judge